UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL LYNN FAKHOURY,
HAKEEM FAKHOURY, MICHAEL
FAKHOURY, AND RAY FAKHOURY,

     Plaintiffs,                    Case No.

vs.                                Hon.

JOHN B. O'REILLY JR., Individually, and
in his Official Capacity as the Mayor of the City of
Dearborn, WILLIAM M. DEBIASI, Individually,
Capacity, Sgt. ANDREAS BARNETTE, Individually,
and THE CITY OF DEARBORN,
a Municipality located in Wayne County,
State of Michigan,

     Defendants.

---

AKEEL & VALENTINE, PLC
Shereef H. Akeel (P54345)
William R. Thomas (P77760)
Attorneys for Plaintiff
888 W. Big Beaver Road, Suite 910
Troy, MI 48084-4736
(248) 269-9595
shereef@akeelvalentine.com
wil@akeelvalentine.com

---

## **COMPLAINT AND JURY DEMAND**

**NOW COMES** Plaintiffs, APRIL LYNN FAKHOURY, HAKEEM

FAKHOURY, MICHAEL FAKHOURY, AND RAY FAKHOURY,

AKEEL & VALENTINE, PLC • TROY, MICHIGAN 48084-4736 • www.akeelvalentine.com

888 W. BIG BEAVER ROAD • SUITE 910 • (248) 269-9595 • FAX (248) 269-9119

(collectively the "Fakhoury Family" or "Fakhoury Plaintiffs") by and through their attorneys, Akeel & Valentine, PLC and state as follows:

## JURISDICTION AND PARTIES

1.     Plaintiff, APRIL LYNN FAKHOURY, (hereinafter "April Fakhoury") has been a resident of the City of Dearborn for all relevant times herein.

2.     Plaintiff, HAKEEM FAKHOURY, (hereinafter "Hakeem Fakhoury") has been a resident of the City of Dearborn for all relevant times herein and is married to Plaintiff APRIL LYNN FAKHOURY.

3.     Plaintiff, MICHAEL FAKHOURY, (hereinafter "Michael Fakhoury") has been a resident of the City of Dearborn for all relevant times herein and is the son of Plaintiffs, APRIL LYNN FAKHOURY and HAKEEM FAKHOURY.

4.     Plaintiff, RAY FAKHOURY, (hereinafter "Ray Fakhoury") has been a resident of the City of Dearborn for all relevant times herein and is the son of Plaintiffs, APRIL LYNN FAKHOURY and HAKEEM FAKHOURY.

5.     Defendant, JOHN B. O'REILLY JR., (hereinafter "O'Reilly" or "Mayor") has been the Mayor of the City of Dearborn at all relevant times herein.

6.     Defendant, O'Reilly is being sued in his official and individual capacity.

AKEEL & VALENTINE, PLC
TROY, MICHIGAN 48084-4736 · www.akeelvalentine.com
888 W. BIG BEAVER ROAD · SUITE 910 · (248) 269-9595 · (248) 269-9119

7. Defendant, WILLIAM M. DEBIASI, (hereinafter "Debiasi" or "City's Assistant Prosecuting Attorney") has been the Assistant Prosecuting Attorney for the City of Dearborn at all relevant times herein.

8. Defendant, Sgt. ANDREAS BARNETTE, (hereinafter "Barnette") has been a police officer for the City Dearborn at all relevant times herein.

9. Defendant, Barnette is being sued in his individual capacity.

10. Defendant Debiasi is being sued in his individual capacity.

11. Defendant, CITY OF DEARBORN, (hereinafter "City") is a municipal governmental entity located in Wayne County and organized under the applicable laws of the State of Michigan.

12. The Fakhoury Family, April Fakhoury, Hakeem Fakhoury, Ray Fakhoury, and Michael Fakhoury (hereinafter "Fakhoury Plaintiffs" or "Fakhoury Family") bring this action against Defendants for their conspiracy under the color of law to divest Plaintiffs of all of their successful businesses and properties that they once owned in west Dearborn (known also as the "West District") in favor of another citizen or family in violation of the Equal Protection Clause of the Fourteenth Amendment through Defendant's corrupt and spiteful use of their public positions.

13. The Fakhoury Family also bring this action because they were subjected to numerous criminal proceedings, invasion of privacy, and malicious

ANKEL & VALENTINE, PLC   888 W. BIG BEAVER ROAD   •   SUITE 910   •   TROY, MICHIGAN 48084-4736   •   (248) 269-9595   •   FAX (248) 269-9119   www.ankelvalentine.com

ANKEEL & VALENTINE, PLC
TROY, MICHIGAN 48084-4738
www.ankeelvalentine.com
(248) 269-9595   •   FAX (248) 269-9119
888 W. BIG BEAVER ROAD   •   SUITE 910

prosecutions in violation of the Fourth and Fourteenth Amendment, and absent probable cause by one more of Defendants in an effort to defame them, strip them of their liberty, destroy their livelihood, and reduce their influence in the City of Dearborn.

14.    Defendants' conduct described below was not authorized by law, and the driving force behind the actions of Defendants, including the City of Dearborn, has been Defendant, Mayor O'Reilly.

15.    Plaintiffs allege violations of their rights under the Fourth and Fourteenth Amendments to the United States Constitution as enforceable through 42 U.S.C. § 1983, § 1985, § 1988, as well as the common law of the State of Michigan.

16.    This Honorable Court, pursuant to 28 U.S.C. §§ 1331 and 1343 has jurisdiction over Plaintiffs' 42 U.S.C. § 1983 claim based on federal questions jurisdiction.

17.    This Honorable Court also has supplemental jurisdiction over Plaintiffs' claims under Michigan law pursuant to 28 U.S.C. § 1367(a) because they are inextricably intertwined with the federal claims and arise out of the same nucleus of operative facts.

18.    Venue is proper in this Honorable Court as the Defendants conduct business within the Eastern District of Michigan and are subject to personal

jurisdiction within the Eastern District of Michigan, and a substantial part of the events giving rise to the claims alleged occurred in the Eastern District of Michigan, *see* 29 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

19.　The Fakhoury Family have been long-established residents within the City and had substantially contributed to the growth of the City, specifically the west side of Dearborn, by among other things, establishing successful business venues for residents and others to visit and patronize the City.

20.　Indeed, with the contributions of the Fakhoury Family, the West District became a thriving destination for visitors outside of Dearborn as well.

21.　As a result of the tremendous success the Fakhoury Family brought to the City, waiting lists—made up of celebrities and/or sport personalities, including members of the Detroit Lions—became the norm to take residence in one of the luxurious lofts established by the Fakhoury Family within the City.

22.　Unfortunately, as the Fakhoury Family became established and successful for the City, Plaintiff Hakeem Fakhoury's relationship with Defendant O'Reilly began to sour.

23. Plaintiff, Hakeem Fakhoury had qualified for grandfathered credit known as the Brownstown credit which allows a developer to obtain millions of dollars in state credit as long as he builds adjacent properties that are in blight conditions.

24. Defendant Mayor demanded repeatedly that Hakeem Fakhoury sell the Brownstown Credit to the City, which Plaintiff Fakhoury rejected, causing more strained relations between the Mayor and the Fakhoury Family.

25. Another major point of contention between the Fakhoury Family, specifically, Plaintiff Hakeem Fakhoury, and Defendants, O'Reilly and the City, centered around the issue of paid parking, where tenants and customers were being repeatedly ticketed in the West District, thus, affecting businesses and tenants under the control and management of the Fakhoury Family.

26. Defendant, Mayor and City refused repeated requests to remove the paid parking to make the West District more business friendly, as envisioned by the Fakhoury Plaintiffs.

27. During that time, Plaintiffs had entered into business partnerships with Mike Hamame, where essentially Mike Hamame and the

AKEEL & VALENTINE, PLC • TROY, MICHIGAN 48084-4738 • www.akeelvalentine.com

888 W. BIG BEAVER ROAD • SUITE 910 • (248) 269-9595 • FAX (248) 269-9119

Fakhoury Family had equal partnership or ownership interests in various rental properties in the West District.

28.    During that time period, and upon information and belief, the Mayor met with Mike Hamame and other Hamame family member(s) in private meetings with the goal of divesting the Fakhoury Family of its properties.

29.    One meeting took place at a lunch meeting at Habib's Restaurant on or about February 15, 2013 which included Defendant Mayor O'Reilly, the City's Chief of Staff for the Mayor, Mark Guido, the City's Corporate lawyer, Debra Walling, and Hamame family members, (**Ex A**-Habib Sign-in Sheet).

30.    In fact, a primary topic discussed in the meeting was the issue of paid parking, and where Defendant O'Reilly, advised Mike Hamame and the Hamame family member(s) that if Mike Hamame and his family wants to do business in the City, they needed to dissolve their business partnership alliance with the Fakhoury Family.

31.    This condition laid out by the Mayor was overheard by witnesses.

32.    In other words, Defendants, O'Reilly and the City, made it a condition for the Hamame family that they needed to sever business ties

7

with the Fakhoury Family Plaintiffs, if they wanted favorable treatment by the City, which, included dealing with the issue of paid parking.

33.     Afterwards, and as a result of, Defendant O'Rielly's, demand that the Hamame family server all of its business relationships with the Fakhoury Family Plaintiffs in return of receiving favorable and preferential treatment by Defendant O'Reilly and the City, the relationship between the Fakhoury Family Plaintiffs and the Hamame family deteriorated to the point where multiple lawsuits regarding ownership of properties ensued.

34.     A week later after that lunch meeting, on February 21, 2013, in an open session before the public at the Mayor's Conference Room of the City, Defendant O'Reilly boastfully proclaimed and misrepresented to the public that Plaintiff Hakeem Fakhoury no longer owns property in the district, and Defendant O'Reilly further indicated that *"This is a new day in the District and the future is bright"* to further besmirch Plaintiff Hakeem Fakhoury and his family's reputation. (**Ex B3,** District Update by the Mayor).

35.     Afterwards, as further described in this Complaint, the Mayor used his public office and authority by among other acts: 1) ordering the Dearborn police to target and harass the Fakhoury Family with arbitrary

ARBEL & VALENTINE, PLLC
TROY, MICHIGAN 48084-4736   •   (248) 269-9595   •   FAX (248) 269-9119
www.arbelvalentine.com

888 W. BIG BEAVER ROAD   •   SUITE 910

and irrational arrests and threats, 2) ordering the police and city attorneys to keep the Fakhoury Family from entering their business properties to collect   rent in favor of Mike Hamame to allow him to collect the rent instead   and 3) instructing the Dearborn prosecutor (s) to initiate and prosecute the Fakhoury Family criminally, without probable cause to drive them out of business, strip of them of their liberty, subject them to unreasonable search and seizure, and shame them, as further described in his complaint.

36.    Upon information and belief, Defendant O'Reilly was further motivated by ill will by the fact that the Fakhoury Family, through its entities, had previously filed a lawsuit to assert their rights that their due process was being violated when the City was attempting to take property without due process, which resulted in an earlier settlement.

37.    In his relentless and continued pursuit to divest the Fakhoury Family Plaintiffs of their properties and to further defame their good name in the community, Defendant O'Reilly, stated publicly he had a meeting with Mike Hamame and that "Mike Hamame has taken...and begun the eviction process on the property." (**Ex B6.**)

38.    These disparaging statements by Defendant O'Reilly had a devastating effect to the Fakhoury Family Plaintiffs in that many tenants

of the various buildings that were owned by Family Plaintiffs ceased paying rents, causing Plaintiff to default on loans resulting in rental and business properties being placed under control of a receivership on March 25, 2013.

39.    As part of their agreement or plan to drive the Fakhoury Plaintiffs out of business, and divest them out of their properties, tenants were being misled by Defendant City, under the direction of the Defendant O'Reilly, that they were being defrauded by Plaintiff Hakeem Fakhoury when they entered into lease agreements with Plaintiffs, and were further told that the rightful owner of the properties is Mike Hamame (**Ex  D** – Affidavit of Realtor).

40.    As a further part of this ill-conceived plan to drive Plaintiffs out of business, one or more tenants were also being instructed by Defendant City, under the direction of Defendant O'Reilly, to contact Dearborn police, where then they met with, Defendant Sgt. Barnette to report that Plaintiff, Hakeem Fakhoury, had committed fraud, which was a total falsity, but meant to serve the purpose to further defame Plaintiffs, and divest them of their properties as rent will not be paid, and drive them out of business, (**Ex D**).

ANSEL & VALENTINE, PLC
TROY, MICHIGAN 48084-4738  •  (248) 269-9595  •  FAX (248) 269-9119
www.anselvalentine.com

888 W. BIG BEAVER ROAD  •  SUITE 910

41. Lawsuits ensued between the Fakhoury Family and the Hamame family regarding the loss of rents, mismanagement of properties, wherein, while the suits were pending, Defendants O'Reilly and the City used all efforts to ensure that the Fakhoury Family would remain off their properties, while allowing the Hamame family full access to the jointly owned properties to collect rent and profits.

42. Additionally, upon information and belief, Defendant O'Reilly began to unlawfully exert his influence to subject the Fakhoury Family to multiple arrests and criminal charges to further defame the Fakhoury Family, destroy their credibility, humiliate and embrassment them, and drive them essentially out of the City of Dearborn, as further described below.

43. Indeed, on or about April 14, 2013, as part of this effort to make the situation very intolerable for the Fakhoury Family and under the direction of Defendant O'Reilly, the Dearborn Police, issued a "Special Intelligence Bulletin" to other police officers, thereby unduly casting the Fakhoury Family as "threats to business" and "suspects" to the very business the Fakhoury Family helped to establish, while casting Defendant O'Reilly's business partner, Mike Hamame as the victim. (**Ex E**-Dearborn Police Department Bulletins).

11

44.    This bogus Bulletin caused the Fakhoury Family extreme hardships and anguish, as they were being targeted and subjected to arbitrary arrests and harassment by Dearborn police, causing extreme embarrassment, shame and distress as such arrests, with police sirens and lights were being conducted in front of neighbors and community members.

45.    In one occasion before the Bulletin was even issued, Defendant City, dispatched at least 5 police cars, where some officers even drew guns and circled the car driven by Plaintiff Hakeem Fakhoury with his family, to show force and intimidate them. Defendant Barnette was one of the officers present.

46.    In June 2013, in an attempt to enter her property, Plaintiff April Fakhoury reported that she had her life threatened by Mike Hamame, where he threatened, "I have a bullet with your name on it" causing her to be fearful for her life, which resulted in her filing a police report, (**Ex F**-Police Report).

47.    Rather than take this dangerous threat seriously, Defendants, including the City and Sgt. Barnette, instead brought criminal charges against Plaintiff April Fakhoury, for allegedly filing a false police report,

which resulted in a jury trial pursued by Defendants, resulting in an immediate acquittal of Plaintiff in January 2015.

48.   After the acquittal, questions arose by one of the jurors to Defendant, Barnette and the assistant prosecutor, in that now that Plaintiff April Fakhoury had been acquitted, will Mike Hamame be pursued for making such dangerous life-threatening threats, and, in response, Defendant Barnette chuckled.

49.   This one of many criminal charges that were brought against the Fakhoury Family by one or more of Defendants, where all resulted in acquittals, as further described below.

50.   And all of the criminal charges involved properties in dispute between the Fakhoury Family and the Hamame family, and where every single time, charges were brought against Plaintiffs only by the Defendant City, to aid and for the benefit of the Hamame family.

51.   The Fakhoury Family made it repeatedly known to Defendants that they have full authority to enter their properties, conduct business, manage all their properties, and to leave them alone.

52.   Indeed, as of June 2013, as a full confirmation of who has access to all properties, the Fakhoury Family were given full control to manage all their properties by the court appointed receiver, (See **Ex J1,**

ANKEL & VALENTINE, PLC   TROY, MICHIGAN 48084-4738   www.akesvalentine.com   888 W. BIG BEAVER ROAD   •   SUITE 910   •   (248) 269-9595   •   (248) 269-4738   •   FAX (248) 269-9119

ANSEL & VALENTINE, PLC
TROY, MICHIGAN 48084-4736
www.anselvalentine.com

888 W. BIG BEAVER ROAD    •    SUITE 910    •    (248) 269-9595    •    FAX (248) 269-9119

**J4** – Order appointment and authority granted to Hakeem Fakhoury "to manage the properties under the control of the Receiver").

53.   Still Defendants engaged in all efforts to keep the Fakhoury Family out of their properties or conduct business.

54.   In a further effort to wrongfully bar the Fakhoury Family from managing their properties and collect rental income, on August 16, 2013, Defendant O'Reilly's preferred individual, Mike Hamame, misled the court by having his attorney wrongfully enter an order to obtain an injunction to ban the Fakhoury Family from entering their properties to collect rent and to manage said properties.

55.   This wrongfully entered order, dated August 16, 2013, was later rescinded on June 13, 2014, as upon discovery, the circuit court ordered that the prior Order (or "Unlawful Order") is VACATED AB INITIO *"for the reason the court was _misled_ into its entry."* (**Ex G**-Order).

56.   Defendants knew, or had reason to know, as well that the Unlawful Order was wrongfully entered, as the Fakhoury Family Plaintiffs brought it to their attention.

57.   Further on or about September 17, 2013, the receivership that managed all the properties for the Fakhoury Family was closed, (**Ex H**-Consent Terminating Appointment of Manager), thus extinguishing any alleged

restrictions and allowing the Fakhoury Family full access to enjoy the continued use of their properties in the District.

58. On September 26, 2013, the Fakhoury Family Plaintiffs again tried to reach out to Defendants and furnished documents showing proof of ownership to their rental properties and establishments (**Ex K**-Hakeem Fakhoury email dated September 26, 2013).

59. Still, under repeated threats of arrests by one or more of Defendants, the Fakhoury Family was still being barred from entering their properties, to, among other acts, manage and collect monthly rental income which averaged in excess of 500,000 per month.

60. In essence, through their conduct, including, threatening arrests, and abuse of authority, and without any valid court order, Defendants continued to bar the Fakhoury Family from stepping foot on all their properties in the West District, and instead allowing the Mike Hamame and his agents to step afoot and collect the rent instead.

61. In fact, despite not a single order was in existence, Defendant City was still trying to find a legal way to keep the Fakhoury Family Plaintiffs off the properties in favor of Mike Hamame, where Defendant City's attorney inquired of Mike Hamame's attorney if he can obtain an injunction to bar the Fakhoury

AKEEL & VALENTINE, PLC
TROY, MICHIGAN 48084-4738 • www.akeelvalentine.com

888 W. BIG BEAVER ROAD • SUITE 910 • (248) 269-9595 • FAX (248) 269-9119

Family Plaintiffs from deriving the benefits of their properties, which he could not (**Ex L**-Hakeem Fakhoury email dated October 13, 2013).

62. As stated, Defendant City, under the direction of Defendant O'Reilly, also used the City's attorneys and prosecutors to wrongfully target the Fakhoury Family.

63. For example, the City's Assistant Prosecutor, Defendant Debiasi, issued a series of bogus criminal charges targeting the Fakhoury Family Plaintiffs, alleging among criminal acts, of breaking and entering and trespass as to their own properties.

64. More specifically, Defendant Debiasi issued the following charges against Plaintiff April Fakhoury:

    a.    Charge - Filing False Police Report on March 4, 2013, Case No. 13C59570M, (**Ex. C1-4**);

    b.    Charge - Frauds Unlawful on August 1, 2013, Case No. 13C86810M, (**Ex. C5-7**);

    c.    Charge – Trespassing on August 22, 2013, Case No. 13C78000M, (**Ex. C8-10**);

    d.    Charge – Frauds Unlawful on August 22, 2013, Case No. 13C77980M, (**Ex. C11-12**);

    e.    Charge – Trespassing on September 17, 2013, Case No. 13C80210M, (**Ex. C13-15**); and

    f.    Charge – Breaking and Entering, Entering Without Authority on September 17, 2013, Case No. 13C80200M, (**Ex. C16-18**).

AKEEL & VALENTINE, PLC • TROY, MICHIGAN 48084-4786 • www.akeelvalentine.com

888 W. BIG BEAVER ROAD • SUITE 910 • (248) 269-9595 • FAX (248) 269-9119

65.   Under the direction of Defendant O'Reilly, Defendant Debiasi knowingly  or had reason to know that he was prosecuting these baseless charges absent probable cause and with reckless disregard, as each of the above-referenced cases were subsequently dismissed or terminated in Plaintiff April Fakhoury's favor.

66.   Indeed, even armed with full knowledge that the Unlawful Order pertaining to the involved properties banning the Fakhoury Family from entry was vacated by the Wayne Circuit Court, Defendant Debiasi, under direction and influence of Defendants O'Reilly and the City, and absent any probable cause, still continued to prosecute Plaintiff April Fakhoury criminally to try to convict her to have her subjected to imprisonment, which Defendants failed as alleged above. (*See* **Ex. I** – September 15, 2014 Pretrial transcript) (reflecting transcripts of Defendants' knowledge pertaining to the Unlawful Order and resulting dismissal of the charges by Court).

67.   Under the direction of Defendant O'Reilly, the City's Assistant Prosecutor, Defendant Debiasi, issued additional criminal charges targeting other members of the Fakhoury Family to further eradicate their influence and shame them.

AKEEL & VALENTINE, PLC
TROY, MICHIGAN 48084-4738
www.akeelvalentine.com
(248) 269-9595   •   FAX (248) 269-9119
888 W. BIG BEAVER ROAD   •   SUITE 910

ARGEL & VALENTINE, PLC
TROY, MICHIGAN 48084-4736 · www.abselvalentine.com
888 W. BIG BEAVER ROAD · SUITE 910 · (248) 269-9595 · FAX (248) 269-9119

68.   More specifically, Defendant Debiasi issued the following charges against Plaintiff Hakeem Fakhoury:

a.   Charge - Trespassing on September 17, 2013, Case No. 13C80230M, (**Ex. C19-21**); and

b.   Charge – Trespassing on December 11, 2013, Case No. 14C90200M, (**Ex. C22-24**).

69.   Under the direction of Defendant O'Reilly, Defendant Debiasi knowingly, or had reason to know, that he was prosecuting these baseless charges absent probable cause and with reckless disregard, and each of the above-referenced cases were dismissed in Plaintiff Hakeem Fakhoury's favor.

70.   Indeed, even armed with full knowledge that the Unlawful Order pertaining to the involved properties banning the Fakhoury Family from entry was vacated by the Wayne Circuit Court, Defendant Debiasi, under direction and influence of Defendants O'Reilly and the City of Dearborn, and absent any probable cause, still continued to prosecute Plaintiff Hakeem Fakhoury criminally to try to convict him to have him subjected to imprisonment, which Defendants failed as alleged above. (*See* **Ex. I**) (reflecting transcripts of Defendants knowledge pertaining to the Unlawful Order and resulting dismissal of the charges).

71.   Under the direction of Defendant O'Reilly, the City's Assistant Prosecutor, Defendant Debiasi, issued additional criminal

charges targeting other members of the Fakhoury Family to further eradicate their influence and shame them. More specifically, Defendant Debiasi issued the following charges against Plaintiff Michael Fakhoury:

    a. Charge — Breaking and Entering on August 24, 2013, Case No. 13C78090M, (**Ex. C25-28**).

72.    Under the direction of Defendant O'Reilly, Defendant Debiasi knowingly or had reason to know that he was prosecuting this baseless charge absent probable cause and with reckless disregard, and the above-referenced case was dismissed in Plaintiff Michael Fakhoury's favor.

73.    Indeed, even armed with full knowledge that the Unlawful Order pertaining to the involved properties banning the Fakhoury Family from entry was vacated by the Wayne Circuit Court, Defendant Debiasi, under direction and influence of Defendants O'Reilly and the City of Dearborn, and absent any probable cause, still continued to prosecute Plaintiff Michael Fakhoury criminally to try to convict him to have him subjected to imprisonment, which Defendants failed as alleged above. (*See* **Ex. I**) (reflecting transcripts of Defendants knowledge pertaining to the Unlawful Order and resulting dismissal of the charges).

74.    Under the direction of Defendant O'Reilly, the City's Assistant Prosecutor, Defendant Debiasi, issued additional criminal charges targeting more members of the Fakhoury Family to further

ABBEL & VALENTINE, PLC
TROY, MICHIGAN 48084-4736 · (248) 269-9595 · FAX (248) 269-9119
www.abbelvalentine.com
888 W. BIG BEAVER ROAD · SUITE 910

eradicate their influence and shame them. More specifically, Defendant Debiasi issued the following charges against Plaintiff Ray Fakhoury:

    a.    Charge – Breaking and Entering on September 17, 2013, Case No. 13C80160M, and (**Ex. C29-31**);

    b.    Charge – Trespassing on September 17, 2013, Case No. 13C80170M, (**Ex. C32-34**).

75.    Under the direction of Defendant O'Reilly, Defendant Debiasi knowingly, or had reason to know, that he was prosecuting these baseless charges absent probable cause and with reckless disregard, and the above-referenced cases were dismissed in Plaintiff Ray Fakhoury's favor.

76.    Indeed, even armed with full knowledge that the Unlawful Order pertaining to the involved properties banning the Fakhoury Family from entry was vacated by the Wayne Circuit Court, Defendant Debiasi, under direction and influence of Defendants O'Reilly and the City of Dearborn, and absent any probable cause, still continued to prosecute Plaintiff Ray Fakhoury criminally to try to convict him to have him subjected to imprisonment, which Defendants failed as alleged above. (*See* **Ex. I**) (reflecting transcripts of Defendants knowledge pertaining to the Unlawful Order and resulting dismissal of the charges).

77.    For each of the criminal charges above that were filed against the members of the Fakhoury Family  not a single charge was found in favor of the City and all of them were disposed of in Plaintiffs' favor.

AKEEL & VALENTINE, PLC · 888 W. BIG BEAVER ROAD · SUITE 910 · TROY, MICHIGAN 48084-4736 · www.akeelvalentine.com · (248) 269-9595 · FAX (248) 269-9119

78. In or around June 2014, the Fakhoury Family Plaintiffs ended their dispute with the Hamame Family, where the Fakhoury Plaintiffs lost millions of dollars in their assets.

79. At evening hours when the settlement was reached, Mike Hamame telephoned Defendant Mayor in front of Plaintiff Hakim Fakhoury, to inform the Mayor of the settlement which included that the Fakhoury Family were divested of their properties, and inquired of the removal of the paid parking meters.

80. Approximately, four months later, on October 21, 2014, the City Council for Defendant City, voted to phase out paid parking, "based on the recommendation of the Mayor" (**Ex M**-Article regarding Notice of Removal Meters).

81. Defendant O'Reilly, at all relative times herein, had the final decision-making authority to issue directives whether it was authorized or unauthorized by law regarding the discriminatory treatment towards the Fakhoury Family Plaintiffs as described in this complaint.

82. As a result of the preferential treatment Defendants afforded Mike Hamame and his family with the assistance of the Defendant O'Reilly, his police force, and city prosecutors, the Fakhoury Family Plaintiffs suffered devastating economic damages, including but not limited to, loss in rental

ARBEL & VALENTINE, PLC
TROY, MICHIGAN 48084-4736
www.arbelvalentine.com
888 W. BIG BEAVER ROAD · SUITE 910 · (248) 269-9595 · FAX (248) 269-9119

income, equity, reputation, esteem in the community, and business opportunities which are now being realized by Mike Hamame and his family.

83.     As a result of Defendants' unlawful conduct, Plaintiffs suffered  non-compensatory damages, which include but not limited to, embarrassment, humiliation, indignity, fear, anger, anxiety, emotional distress, personal inconvenience, harassment, damage to community reputation, relations, and loss of income, and business opportunities.

### COUNT I
### 42 U.S.C. 1983 VIOLATION OF THE
### FOURTH AND FOURTEENTH AMENDMENTS
### MALICIOUS PROSECUTION
### INDIVIDUAL-CAPACITY CLAIM
### (Defendants O'Reilly and Debiasi)

84.     Plaintiffs incorporate and re-allege by reference all previous paragraphs of this Complaint as if fully set forth herein.

85.     The Fourth Amendment protects against unreasonable seizures encompasses the right to be free of malicious prosecution.

86.     Malicious prosecution is also prohibited by the Fourteenth Amendment's guarantee against depravation of liberty without due process.

87.     "The Sixth Circuit 'recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment,' which

'encompasses wrongful investigation, prosecution, conviction, and incarceration.'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010).

88.     Defendants O'Reilly and Debiasi, in their individual capacities, while acting under the color of State Law, violated Plaintiffs' clearly established rights under the Fourth and Fourteenth Amendments by unlawfully and maliciously causing criminal prosecutions to be instituted and continued against Plaintiffs.

89.     Given Defendants' lack of probable cause to continue criminal proceedings against Plaintiffs, a reasonable person in Defendants position would have known that the facts and circumstances were insufficient to justify a reasonable belief that the Plaintiffs had committed any offense, the criminal proceedings ended in Plaintiffs' favor.

**WHEREFORE** Plaintiffs request this Honorable Court award judgment against Defendants, jointly and severally, for compensatory damages in whatever amount the jury finds necessary, economic and non-economic damages sustained by Plaintiffs in addition to punitive or exemplary damages plus costs, interest and attorney fees, as allowed under the Act (42 U.S.C. § 1988) and other equitable relief as this Court deems just and equitable and demands judgment against the Defendants, both jointly and severally in whatever amount the jury deems necessary.

AKEEL & VALENTINE, PLC
TROY, MICHIGAN 48084-4736   •   (248) 269-9595   •   FAX (248) 269-9119
www.akeelvalentine.com

888 W. BIG BEAVER ROAD   •   SUITE 910

## COUNT II
## 42 U.S.C. 1983 VIOLATION OF THE
## FOURTH AND FOURTEENTH AMENDMENTS
## MALICIOUS PROSECUTION
## OFFICIAL/MUNICIPAL-CAPACITY CLAIM
### (Defendant City of Dearborn)

90.　Plaintiffs incorporate and re-allege by reference all previous paragraphs of this Complaint as if fully set forth herein.

91.　The Fourth Amendment protects against unreasonable seizures encompasses the right to be free of malicious prosecution.

92.　Malicious prosecution is also prohibited by the Fourteenth Amendment's guarantee against depravation of liberty without due process.

93.　"The Sixth Circuit 'recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment,' which 'encompasses wrongful investigation, prosecution, conviction, and incarceration.'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010).

94.　Plaintiffs were deprived of their rights as guaranteed by the Constitution by being subjected to continued criminal prosecutions without probable cause.

95.　Plaintiffs were subjected to continued criminal prosecutions absent probable case, and Defendant O'Reilly, as the Mayor of the City, made,

ANBEL & VALENTINE, PLLC
888 W. BIG BEAVER ROAD  •  SUITE 910  •  TROY, MICHIGAN 48084-4736  •  (248) 269-9595  •  FAX (248) 269-9119
www.akeevalentine.com

influenced, or participated in the decision to continue prosecuting Plaintiffs after the Unlawful Order was voided.

96.     As a consequence of the criminal prosecutions being continued absent probable cause, Plaintiffs' suffered a deprivation of liberty.

97.     All of the criminal prosecutions that were wrongfully continued against Plaintiff's without probable cause were resolved in Plaintiffs' favor.

98.     The deprivation of Plaintiffs' liberty was caused by Defendants O'Reilly and the City of Dearborn, in that Defendant O'Reilly, who has final decision-making authority for the City, was the moving force behind the deprivation of Plaintiff's liberty.

99.     The actions by Defendants O'Reilly and the City were the cause in fact and proximate cause of the harm suffered by the Fakhoury Family Plaintiffs.

**WHEREFORE** Plaintiffs request this Honorable Court award judgment against Defendants, jointly and severally, for compensatory damages in whatever amount the jury finds necessary, economic and non-economic damages sustained by Plaintiffs in addition to punitive or exemplary damages plus costs, interest and attorney fees, as allowed under the Act (42 U.S.C. § 1988) and other equitable relief as this Court deems just and equitable and

ARBEL & VALENTINE, PLLC   TROY, MICHIGAN 48084-4736   (248) 269-9595   FAX (248) 269-9119   888 W. BIG BEAVER ROAD   SUITE 910   www.arbelvalentine.com

demands judgment against the Defendants, both jointly and severally in whatever amount the jury deems necessary.

## COUNT III
## 42 U.S.C. 1983 VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AS TO ALL DEFENDANTS IN VIOLATOIN OF TH E QUAL PROTECTION CLAUSE

100. Plaintiffs incorporate and re-allege by reference all previous paragraphs of this Complaint as if fully set forth herein.

101. The purpose of the Equal Protection Clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination by its agents.

102. The Equal Protection Clause, also, prohibits discrimination by the government that burdens 'a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.

103. Plaintiffs were intentionally treated different and discriminated against from others similarly situated, including Mike Hamame, with no rational basis for the difference in treatment.

104. Defendants' differential treatment was the result of not prosecutorial discretion honestly exercised but of an illegitimate desire to get the Fakhoury Plaintiffs. *Village of Willowbrook v Olech*, 528 US 562 (2000)

ANSEL & VALENTINE, PLLC  TROY, MICHIGAN 48084-4736  •  www.akselvalentine.com

888 W. BIG BEAVER ROAD  •  SUITE 910  •  (248) 269-9595  •  FAX (248) 269-9119

AKERS & VALENTINE, PLC
TROY, MICHIGAN 48084-4738
www.akersvalentine.com

888 W. BIG BEAVER ROAD   •   SUITE 910   •   (248) 269-9595   •   FAX (248) 269-9119

105.   Plaintiffs' mistreatment was also motivated by ill-will harbored Defendants.

106.   Defendants actions were motivated solely by a spiteful effort to get the Fakhoury Plaintiffs for reasons wholly unrelated to any legitimate state objective.

107.   Defendants also violated Plaintiffs fundamental rights to be free from unreasonable search and seizure, invasion of privacy, and malicious prosecutions.

**WHEREFORE** Plaintiffs request this Honorable Court award judgment against Defendants, jointly and severally, for compensatory damages in whatever amount the jury finds necessary, economic and non-economic damages sustained by Plaintiffs in addition to punitive or exemplary damages plus costs, interest and attorney fees as allowed under the Act (42 U.S.C. § 1988) and other equitable relief as this Court deems just and equitable and demands judgment against the Defendants, both jointly and severally in whatever amount the jury deems necessary.

## COUNT IV
## CONSPIRACY IN VIOLATION OF
## 42 USC 1985

108.   Plaintiffs hereby realleges and incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

109.   Defendants conspired in a single plan to deprive Fakhoury Family Plaintiffs of their constitutional and statutory rights.

110.   Defendants all shared the general conspirational objective of denying Plaintiffs their constitutional and statutory rights, including to be free from unreasonable search and seizure and to be afforded equal treatment under the law.

111.   As a direct and proximate cause of Defendants violation of the Fakhoury Plaintiffs' rights under 42 USC 1985, Fakhoury Plaintiffs  suffered, devastating economic and noneconomic damages, severe emotional distress, mental anguish, depression, humiliation, loss of reputation, embarrassment, and a physical manifestation thereof.

**WHEREFORE** Plaintiffs request this Honorable Court award judgment against Defendants, jointly and severally, for compensatory damages in whatever amount the jury finds necessary, economic and non-economic damages sustained by Plaintiffs in addition, punitive or exemplary damages plus costs, interest and attorney fees as allowed under the Act (42 U.S.C. § 1988), and other equitable relief as this Court deems just and equitable and demands judgment against the Defendants, both jointly and severally in whatever amount the jury deems necessary.

## COUNT V
## COMMON LAW
## MALICIOUS PROSECUTION (MCL § 600.2907)

112.   Plaintiffs incorporate and re-allege by reference all previous paragraphs of this Complaint as if fully set forth herein.

113.   Under Michigan law, malicious prosecution is recognized under common law and by MCL § 600.2907.

114.   Under Michigan law, the elements for malicious prosecution are 1) a prosecution caused or continued by one person against another 2) termination of the proceeding in favor of the person who was prosecuted 3) absence of probable cause for initiating or continuing the proceeding, and 4) initiating or continuing the proceeding with malice or a primary purpose other than that of bringing the offender to justice[1]

115.   Defendants tortuously and maliciously prosecuted Plaintiffs.

116.   Defendants caused and continued criminal proceedings to be instituted against Plaintiffs which terminated in Plaintiffs' favor as there was no probable cause to support the continuation of the prosecution of the Fakhoury Plaintiffs and Defendants acted with malice.

---

1.  [1] Abdul-Mujeeb v Sears Roebuck & Co, Inc., 154 Mich App 249, 254; 397 NW2d 193, 195–96 (1986)

29

**WHEREFORE** Plaintiffs request this Honorable Court award judgment against Defendants, jointly and severally, for compensatory damages in whatever amount the jury finds necessary, economic and non-economic damages sustained by Plaintiffs in addition to treble damages as provide for under the Act, exemplary damages plus costs, interest and attorney fees and other equitable relief as this Court deems just and equitable and demands judgment against the Defendants, both jointly and severally in whatever amount the jury deems necessary.

## COUNT VI
## COMMON LAW
## ABUSIVE PROCESS CLAIM

117.   Plaintiffs incorporate and re-allege by reference all previous paragraphs of this Complaint as if fully set forth herein.

118.   Defendants abused the criminal investigatory process by using it for their ulterior motive for personal reasons for the purpose of causing vexation, trouble, embarrassment, damage to Plaintiffs' professional reputations, and damage to Plaintiffs' reputations in the community.

119.   The continuation of the criminal charges absent probable cause was made willfully and intentionally in a concerted effort to wrongfully prosecute and convict the Plaintiffs.

ARBEL & VALENTINE, PLLC
TROY, MICHIGAN 48084-4736
www.arbelvalentine.com
888 W. BIG BEAVER ROAD   •   SUITE 910   •   (248) 269-9595   •   FAX (248) 269-9119

120. Indeed the attached Court transcripts clearly show that Defendants lacked probable cause and still continued to wrongfully prosecute to try to convict Plaintiffs.

121. The direct result of Defendants' abuse of process in continuing with the criminal prosecution under the direction of the Defendants as referenced above, Plaintiffs suffered damages, including but not limited to, embarrassment, indignation, anxiety, mental anguish, nightmares, emotional distress, discomfort, pain, loss of weight, humiliation, outrage, shame, fear, damage to reputation in the community, loss of income, and business opportunities, loss of constitutional rights, and other damages and consequences related to the incidents.

**WHEREFORE** Plaintiffs request this Honorable Court award judgment against Defendants, jointly and severally, for compensatory damages in whatever amount the jury finds necessary, economic and non-economic damages sustained by Plaintiffs in addition to punitive or exemplary damages plus costs, interest and attorney fees and other equitable relief as this Court deems just and equitable and demands judgment against the Defendants, both jointly and severally in whatever amount the jury deems necessary.

Respectfully submitted,

AKEEL & VALENTINE, PLC

AKEEL & VALENTINE, PLC • TROY, MICHIGAN 48084-4736 • (248) 269-9595 • FAX (248) 269-9119
www.akeelvalentine.com

888 W. BIG BEAVER ROAD • SUITE 910

By:  /s/: Shereef H. Akeel
       Shereef H. Akeel (P50391)
       William R. Thomas (P77760)
       Attorneys for Plaintiff
       888 W. Big Beaver Road, Suite 910
       Troy, MI 48084-4736
       (248) 269-9595
       shereef@akeelvalentine.com

Dated: September 13, 2016       wil@akeelvalentine.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL LYNN FAKHOURY, ABDEL
HAKEEM FAKHOURY, MICHAEL
FAKHOURY, AND RAY FAKHOURY,

      Plaintiffs,

vs.

JOHN B. O'REILLY JR., Individually, and
in his Official Capacity as the Mayor of the City of
Dearborn, WILLIAM M. DEBIASI, Individually
and THE CITY OF DEARBORN,
a Municipality located in Wayne County,
State of Michigan,

      Defendants.

Case No.

Hon.

---

AKEEL & VALENTINE, PLC
Shereef H. Akeel (P54345)
William R. Thomas (P77760)
Attorneys for Plaintiff
888 W. Big Beaver Road, Suite 910
Troy, MI 48084-4736
(248) 269-9595
shereef@akeelvalentine.com
wil@akeelvalentine.com

---

**JURY DEMAND**

---

**NOW COME** Plaintiffs, APRIL LYNN FAKHOURY, ABDEL HAKEEM

FAKHOURY, MICHAEL FAKHOURY, AND RAY FAKHOURY, (collectively

the "Fakhoury Family") by and through their counsel, AKEEL & VALENTINE,

PLC, and hereby demand a trial by Jury of the above-referenced cause of action.

Respectfully submitted,

AKEEL & VALENTINE, PLC

By: /s/: Shereef H. Akeel
Shereef H. Akeel (P50391)
William R. Thomas (P77760)
Attorneys for Plaintiff
888 W. Big Beaver Road, Suite 910
Troy, MI 48084-4736
(248) 269-9595
shereef@akeelvalentine.com
wil@akeelvalentine.com

Dated: September 13, 2016

Z:\SHA Working Files\Fakhoury-Civil Rights\Complaint and Jury Demand.doc

the "Fakhoury Family") by and through their counsel, AKEEL & VALENTINE,

PLC, and hereby demand a trial by Jury of the above-referenced cause of action.

Respectfully submitted,

AKEEL & VALENTINE, PLC

By:  /s/: Shereef H. Akeel
     Shereef H. Akeel (P50391)
     William R. Thomas (P77760)
     Attorneys for Plaintiff
     888 W. Big Beaver Road, Suite 910
     Troy, MI 48084-4736
     (248) 269-9595
     shereef@akeelvalentine.com
     wil@akeelvalentine.com

Dated: September 13, 2016

Z:\SHA Working Files\Fakhoury-Civil Rights\Complaint and Jury Demand FINAL.doc