UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL LYNN FAKHOURY, *et al*.,

                   Plaintiffs,

v.

JOHN B. O'REILLY, *et al*.,

                   Defendants.

_____/

Case No.: 16-13323

Hon. Gershwin A. Drain

## ORDER GRANTING DEFENDANTS' MOTION FOR STAY OF ALL FURTHER DISTRICT COURT PROCEEDINGS PENDING OUTCOME OF APPEAL [#169]

### I.      INTRODUCTION

On May 14, 2019, this Court entered an Opinion and Order resolving the Defendants' Motions for Summary Judgment.  In so doing, the Court rejected Defendant Debra Walling's and Defendant John B. O'Reilly's argument that they are entitled qualified immunity.  On May 20, 2019, Defendants timely filed their Notice of Appeal.

Presently before the Court is the Defendants' Motion for Stay of All Further District Court Proceedings Pending Outcome of Appeal, filed on May 20, 2019. Plaintiffs filed a Response in Opposition on June 10, 2019. Defendants filed their Reply brief on June 24, 2019.  A hearing on this matter was held on July 16, 2019. For the reasons that follow, the Court grants the Defendants' Motion to Stay.

## II. LAW & ANALYSIS

The United States Supreme Court has recognized that an immediate interlocutory appeal is available based on the denial of a motion for summary judgment on qualified immunity grounds. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). However, where the denial of qualified immunity is based on a factual dispute, the Sixth Circuit is without jurisdiction to consider the appeal. *Skousen v. Brighton High Sch.*, 305 F.3d 520, 525 (6th Cir. 1997). As such, there is authority suggesting that a defendant's right to appeal is not absolute and a district court may certify the appeal as frivolous and proceed to trial. *See Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991). However, the Sixth Circuit "has neither explicitly endorsed nor rejected" the procedure of certifying interlocutory appeals of the denial of qualified immunity as frivolous and proceeding to trial. *Robinson v. Barrow*, No. 1-11-cv-01609, 2012 U.S. Dist. LEXIS 38896, *3-4 n.2 (N.D. Ohio Mar. 22, 2012).

In deciding whether to grant a stay pending appeal, courts should consider the following factors: (1) the likelihood that the appealing party will prevail on the merits; (2) the likelihood that the appealing party will be irreparably harmed if the stay is not granted; (3) the prospect that others will be harmed if the stay is not granted; and (4) the public interest in granting the stay. *Michigan Coalition of*

*Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

Plaintiffs argue the Sixth Circuit Court of Appeals lacks jurisdiction over an appeal because Defendants seek to appeal this Court's findings of genuine issues of material fact and not a neat abstract issue of law.[1] As such, Plaintiffs maintain that the Court should certify Defendants' Appeal as frivolous and proceed to trial.

While the Court "may not decide a challenge directly to the district court's determination of the record-supported evidence or the inferences it had drawn therefrom . . .[i]t may decide a challenge with any legal aspect to it, no matter that it might encroach on the district court's fact-based determinations." *DiLuzio v. Village of Yorkville, Ohio*, 796 F.3d 604, 610 (6th Cir. 2015). Additionally, where an appeal raises both reviewable and unreviewable issues, the Sixth Circuit will "separate an appellant's reviewable challenges from its unreviewable" so that the entire appeal will not be subject to dismissal for lack of jurisdiction. *Id*. at 611.

Here, Defendants' appeal falls within the bounds of the Sixth Circuit's jurisdiction. In certain respects, the appellate arguments will involve purely legal issues such as whether Plaintiff's facts amount to a violation of clearly established

---

[1] Plaintiffs also argue that Defendants are merely delaying trial in this matter because Plaintiffs offered to dismiss their individual capacity claims against the Defendants if Defendants would dismiss their interlocutory appeal. Defendants counter that Plaintiffs' proffer of these negotiations and documents is a patent violation of Rule 408.

law.  Defendants also indicate that they intend to challenge this Court's application of the legal standard for determining whether Walling's and O'Reilly's actions were so unrelated to the achievement of legitimate purposes that they can be deemed irrational and whether the Hamames are similarly situated as a matter of law.

Additionally, O'Reilly and Walling can show a "substantial case" on the merits.  *See C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 716 F. Supp. 307, 309-10 (W.D. Tenn. 1989)("[T]he test is satisfied when the movant presents a "serious legal question" regardless of whether he has shown a mathematical probability of success.").  Here, Defendants will assert that the Hamames are not similarly situated as a matter of law and that Defendants were motivated by rational bases.  Additionally, while the Court acknowledges Plaintiff's will suffer harm from a delay of these proceedings, the Defendants will be severely harmed absent a stay due to their potential loss of qualified immunity. *See Johnson v. City of Saginaw*, No. 17-13174, 2019 U.S. Dist. LEXIS 52645, *14 (E.D. Mich. Mar. 28, 2019) (granting stay to prevent potential loss of qualified immunity).

In conclusion, because the Court finds that Defendants' appellate arguments appear to fall squarely within the jurisdiction of the Sixth Circuit Court of Appeals, stay in this matter is appropriate.  *See Richko v. Wayne County Sheriff's Dep't*, No.

12-CV-11232, 2015 U.S. Dist. LEXIS 57922, *2-3 (E.D. Mich. May 4, 2015) (staying matter pending resolution of interlocutory appeal on qualified immunity).

Lastly, contrary to Plaintiff's argument, Plaintiff's claim against the City of Dearborn is "inextricably intertwined" with the qualified immunity analysis, thus the Sixth Circuit may exercise pendent jurisdiction over this claim. *Mattox v. City of Forest Park*, 183 F.3d 515, 523-24 (6th Cir. 1999). Here, the issue of whether there was an official custom or policy undertaken by a final decisionmaker is inextricably intertwined with the qualified immunity analysis of Walling and O'Reilly.

## III.   CONCLUSION

Accordingly, for the reasons articulated above, Defendants' Motion for Stay [#169] is GRANTED.

SO ORDERED.

Dated:                 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 17, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk